Abraham N. Geller, J.
This action for personal injuries obtained a general preference pursuant to subdivision 3 of rule IX of the Buies of the Supreme Court, New York and Bronx Counties. Plaintiffs have now moved for an order directing the Calendar Clerk to accept their application for a preference and advancement pursuant to subdivision 2 of rule IX.
Bule IX deals with the subject of trial preferences. Subdivision 1, entitled “ Preferred Causes under the Statutes ”, merely is implementary of CPLB 3403, which provides for special preferences, with an added procedural provision applicable to actions brought by or against a receiver of a corporation.
Subdivision 2, entitled “ Particular Causes Preferred ”, provides for an advancement to any Beady Calendar on application of either party by filing at least 30 days prior thereto with the Calendar Clerk the requisite papers showing the nature of the cause of action and, if the application be by plaintiff, his residence or place of business in the county where the action is pending. The causes specified therein are those on contract, replevin or in conversion, for goods sold and accepted, foreclosure of mortgage or lien, and equity actions. The Calendar Clerk refused to accept the papers presented by plaintiffs on this application.
Subdivision 3, entitled “Preference Claimed in Note of Issue ”, involves actions to recover damages for personal injuries resulting in permanent or protracted disability and death actions.
In this personal injury action, the accident having occurred outside this State and defendants being nonresidents of the State, but having an automobile liability policy issued by an insurance company with an office in the State, plaintiffs followed the procedure authorized in Seider v. Roth (17 N Y 2d 111) for obtaining jurisdiction and attached the policy.
Plaintiffs maintain that they are entitled to a rule IX (subd. 2) advancement on the basis of a literal interpretation of the following provision in that rule: “Any action on contract, replevin or in conversion or wherein property is held under an attachment which has * * * not been discharged, or on a statute wherein the sum of money sought to be recovered is a sum of money other than a penalty * * * may be *509 advanced to any Ready Calendar, on application of either party ” (emphasis supplied). They argue that, since any action on contract, replevin or in conversion qualifies, the underlined clause must have reference to any action, other than those actions, where there is an outstanding attachment on property, and that must include personal injury actions where property has been attached and the attachment has not been discharged by defendant, such as this action.
It is clear from a reading of rule IX as a whole that a plaintiff in a personal injury action may obtain a general preference under subdivision 3 if there is permanent or protracted disability, or a special preference under subdivision 1 if he can establish special circumstances within the meaning of the provision in CPLR 3403 (subd. [a], par. 3), “an action in which the interests of justice will be served by an early trial.”
The only reasonable interpretation is that a plaintiff in a personal injury action can obtain a preference under these two provisions only; otherwise a plaintiff, who suffered slight injuries and damages, but who was deemed to be entitled to a rule IX (subd. 2) advancement simply because defendant’s property had been attached, would obtain a trial far ahead of the serious cases qualifying under subdivision 3 of rule IX and on a par with the CPLR 3403 special cases.
Here, where plaintiffs did obtain a rule IX (subd. 3) general preference, there is no reason to give them an advancement over the other personal injury actions likewise generally preferred as serious cases. Indeed, they were fortunate in obtaining jurisdiction by virtue of attaching defendants ’ policy. To give them, in addition, an advancement in trial merely by reason of the attachment would be unfair to the other personal injury plaintiffs and inconsistent with the logical and practical basis for preferring certain types of actions over others.
The only sensible interpretation of the underlined clause is either that it has reference to commercial or property-type actions, other than an action on contract, replevin or in conversion, where there is an outstanding attachment, or to any action, including personal injury actions, where it is the defendant who applies for the advancement on the ground that his property is held under an attachment which he has not been able to discharge. But it may well be held that preferences in personal injury actions are covered by rule IX (subds. 1, 3) and can be obtained only in accordance with their provisions and, in any event, that a personal injury plaintiff can obtain a preference under those two provisions only.
The motion is accordingly denied.